UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **LAMAR ALEXANDER CARTER**, <br><br> Petitioner, <br><br> v. <br><br> **RANDEE REWERTS**, <br><br> Respondent. | 2:19-CV-10287-TGB-PTM <br><br> **ORDER DENYING PETITIONER'S MOTION FOR AN APPEAL BOND (ECF NO. 12)** |

Currently before the Court is Petitioner Lamar Alexander Carter's motion for release from state prison on bond. ECF No. 12. Petitioner, a state prisoner at the Carson City Correctional Facility in Carson City, Michigan, previously filed a *pro se* habeas corpus petition in 2019. ECF No. 1. That habeas petition challenges Petitioner's Wayne County, Michigan convictions for second-degree murder, Mich. Comp. Laws § 750.317, felonious assault, Mich. Comp. Laws § 750.82, and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. ECF No. 1, PageID.1.[1] Petitioner was sentenced in 2016 to a

---

[1] The Michigan Court of Appeals summarized the facts leading to these convictions as follows:

> A jury convicted defendant of fatally shooting Sean Key and assaulting Itterlee McNeil at Play Atlantis, an entertainment complex in Melvindale, on February 13, 2016. The prosecution

1

term of twenty-five to forty years in prison for the murder conviction, a concurrent term of two to four years for the assault conviction, and a consecutive two-year term for the felony-firearm conviction. ECF No. 1, PageID.1.[2] The Michigan Court of Appeals affirmed Petitioner's convictions and sentence, *see People v. Carter*, No. 335333, 2018 WL 910455 (Mich. Ct. App. Feb. 15, 2018), and on July 3, 2018, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the questions presented to the court. *See People v. Carter*, 913 N.W.2d 292 (Mich. 2018).

---

> presented evidence that two different families, with a tempestuous history, were coincidentally having separate children's birthday parties at the complex on the same evening. Various altercations occurred among several of the attendees. Ultimately, defendant left the complex, returned with a gun, and entered the party room where members of the other family were preparing to leave the premises. Defendant approached Itterlee and pointed the gun toward her face. Key was behind Itterlee and bent down to protect some nearby children. As Itterlee ducked, defendant fired the gun. The gunshot struck Key in the head, instantly causing his death. A Play Atlantis surveillance video camera captured the incident, and other witnesses identified defendant as the shooter.

*People v. Carter*, No. 335333, 2018 WL 910455, at *1 (Mich. Ct. App. Feb. 15, 2018).

[2] Petitioner's earliest release date is March 10, 2043. *See* https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=262495.

In his habeas petition, Petitioner seeks relief on grounds that (1) the trial court erred when it scored the Michigan sentencing guidelines, and (2) his trial attorney deprived him of effective assistance by failing to develop a substantial defense theory. ECF No. 1, PageID.6-7. Respondent urges the Court to deny relief because, in his opinion, the state court's rejection of Petitioner's claims was not objectively unreasonable. ECF No. 9, PageID.90-91.

But the issue currently before the Court is Petitioner's motion for release from prison on bond. ECF No. 12. Petitioner alleges that he was born with sickle cell disease and that his medical condition places him at risk of contracting, and dying from, the coronavirus known as COVID-19. *Id*. at PageID.1435, ¶¶ 1-2. Petitioner further alleges that, despite Michigan Governor Gretchen Whitmer's executive orders, inmates at the Carson City prison cannot be properly protected from COVID-19 when inmates who test positive for the virus are housed fifty yards away from the general population. *Id*., ¶ 4.

Additionally, according to Petitioner, inmates at the prison receive only one bar of soap and one roll of tissue per week, and there is no social distancing at the prison. *Id*. at PageID.1436, ¶¶ 5-6. Petitioner also alleges that his habeas petition raises substantial questions of law or fact and that he is not likely to pose a danger to other persons if released on bond. *Id*., ¶ 10. Finally, he contends that he has already proven on one prior occasion that he can turn himself in to the appropriate authorities.

3

*Id.*, ¶ 11. Respondent did not file an answer to Petitioner's motion, but he asserts in his answer to the habeas petition that the State opposes any request for bond or other relief. ECF No. 9, PageID.121.

## II. Discussion

The Court begins its discussion by noting that Petitioner's COVID-19 claim is completely unrelated to the issues raised in his habeas petition. Thus, the claims and relief requested in Petitioner's motion for bond are "outside the scope of this lawsuit." *McCoy v. Torres*, No. 1:19-cv-01023, 2020 WL 6872919, at *2 (E.D. Cal. Nov. 23, 2020). Petitioner may not "piggy-back" a separate, unrelated claim to his habeas petition. *See Craig v. Mackie*, No. 2:17-cv-12830, 2020 WL 4001899, at *8 (E.D. Mich. July 15, 2020) (citing *Smith v. Zuercher*, No. 7:08-cv-229, 2009 WL 499112, *4, n.2 (E.D. Ky. Feb. 27, 2009)); *Ross v. Chapman*, No. 2:19-CV-13729, 2021 WL 148020, at *4 (E.D. Mich. Jan. 15, 2021).

Even if Petitioner's COVID-19 claim were appropriate in this action, Petitioner has been convicted of three serious crimes and sentenced by a court of law. He also has pursued a direct appeal from his convictions and is now attacking his convictions and sentence in a collateral proceeding. Whether the state authorities holding him based on his state convictions would consider a request for bail based on Petitioner's health conditions and COVID concerns is a matter that should be raised with the state court.

4

In a case like this, where there has been a judicial determination of guilt, it is necessary to inquire whether, in addition to there being substantial questions presented by the appeal, there is some circumstance making this application exceptional and deserving of special treatment in the interests of justice. *Aronson v. May*, 85 S. Ct. 3, 5 (1964) (internal and end citations omitted); *see also Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990) (stating that "to receive bail pending a decision on the merits, prisoners must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of 'some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice'") (quoting *Aronson,* 85 S. Ct. at 5) (alteration in original).

"There will be few occasions where a prisoner will meet this standard." *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993). "Since a habeas petitioner is appealing a presumptively valid state conviction, both principles of comity and common sense dictate that it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case." *Id.*

A preliminary review of Petitioner's case suggests that he has not raised substantial questions in his habeas petition. Furthermore, even though sickle cell disease is a medical condition that increases the risk of

5

developing severe illness from COVID-19,[3] Petitioner has not shown that his medical condition is life-threatening or that the Michigan Department of Corrections is unable to (i) protect him from becoming infected by the coronavirus or (ii) provide adequate medical care for him should he become sick. *Cf. United States v. McCall*, 465 F. Supp. 3d 1201 (M.D. Ala. 2020) (granting compassionate release to a federal inmate with sickle cell disease because the inmate had already tested positive for COVID-19, his condition was life-threatening, there was an overwhelming number of COVID-19 cases at the correctional facility, and the Bureau of Prisons had failed to diagnose, monitor, and treat the inmate's condition or provide him with the specialized medical care he needed).

## CONCLUSION

For the foregoing reasons, Petitioner's Motion for Appeal Bond (ECF No. 12) is **DENIED**.

**SO ORDERED**.

| Dated: September 28, 2021 | s/Terrence G. Berg |
| --- | --- |
| | TERRENCE G. BERG |
| | UNITED STATES DISTRICT JUDGE |

---

[3] *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.